ANNA G. M. MENGER *et al.* v. VIRGINIA RIDLEY
CARRUTHERS *et al.*

No. 10648.

COVENANT OF WARRANTY — *holder of life estate by estoppel under, cannot assert tax-title nor adverse possession against owner of fee.* The defendant went into possession of a piece of land under a deed from S. S. derived title under a warranty deed from M. At the time of the execution of this deed M. had no title, but subsequently, and before the execution of the deed to the defendant, acquired a life estate, which the defendant en-joyed for the full term of it. *Held,* that whether the legal title to the life estate passed to the defendant by virtue of the covenant of warranty, or merely inured to his benefit by way of equitable estoppel, is unimportant in this case, and that, under either view, the defendant could not acquire a title as against the owners of the fee, either by adverse possession or under a sale for taxes which accrued during the continuance of the life estate.

*Error from the Court of Appeals, Northern Department.*

AFFIRMED.            OPINION FILED NOVEMBER 7, 1896.

*Alford & Savage,* for plaintiffs in error.

*Riggs & Nevison,* for defendants in error.

ALLEN, J.    This action was commenced in the Dis-trict Court of Douglas County, and resulted in a judgment in favor of the defendant in error. On pro-ceedings in error the case was reviewed by the Court of Appeals, and the judgment of the District Court affirmed. *Menger v. Carruthers,* 3 Kan. App. 75. The

facts in the case are more fully stated in the opinion there filed, and the questions involved are more fully discussed than is necessary here. The action involved the title to a lot in the city of Lawrence. The title of the plaintiff in error was derived by quit-claim deed from Joseph T. Sibley, dated August 29, 1866, under which possession was obtained. On July 1, 1865, Jacob Moak and wife had conveyed the lot by warranty deed to Sibley. At that time the only title Moak had was derived from a void tax deed. Afterward, on the 12th of the same month, J. S. Emery and wife conveyed to Moak the life estate of Jerome S. Ridley, which had theretofore been condemned, forfeited and sold under proceedings in the United States District Court instituted for that purpose under the Confiscation Act of 1862. It is claimed, on behalf of the defendants in error, that this life estate, though acquired by Moak after the execution of the deed to Sibley, at once passed to him, by virtue of the covenant of warranty contained in the deed ; and that, at the time Sibley executed his deed to Menger, he was vested with all the title that Moak had, including that conveyed by Emery to him.

Counsel for the plaintiffs in error now insist that the legal title did not actually pass from Moak to Sibley by virtue of the covenant of warranty, but that it remained in Moak; that though Moak might be estopped in equity from asserting that title against Sibley, or his grantees, neither Sibley, nor Menger claiming under him, was estopped from denying the validity of the title conveyed by Emery to Moak, nor bound to accept it. It is argued that Menger had a right to repudiate the confiscated title, and acquire an independent one by adverse possession, or under tax deeds. We think all the questions presented are

sufficiently discussed in the opinion of the Court of Appeals except a single one. The confiscation proceedings appear to us to be sufficient as against a collateral attack, and yet more clearly sufficient as against one who has held possession of the land without any attack on his title ever having been made by Ridley himself, or anyone else during his lifetime. May the defendant then either accept or reject the benefit of the confiscated title, which, even according to his own contention, inured to his benefit by way of equitable estoppel, and build up an adverse title for the purpose of cutting off the heirs to the fee after the expiration of the life estate? It appears to us that it matters very little in this case whether the legal title actually passed to Sibley by virtue of the covenant of warranty contained in Moak's deed, or whether it inured to the benefit of Sibley and his grantees by way of equitable estoppel. The substance would be the same under either theory. Menger was in possession of the lot. If Moak held the bare legal title to a life estate, which he could not assert against Menger, Menger was as secure in the possession of the property as though the legal title were vested in himself. Moak could not transfer the legal title to anyone else who would not be as clearly estopped and barred from asserting it as Moak himself. Nor is there any force in the contention that by the conveyance of the confiscated title from Menger to Moak a title was thrust upon Sibley and his grantee without his knowledge or consent. Sibley bought the lot from Moak. The deed purported to convey a full title. It could not possibly be a fraud on Sibley for Moak to acquire a title after the execution of the deed, though he had none when it was executed. It was entirely lawful for Moak to protect himself against liability on his covenant of

warranty by buying in any outstanding title, and when so purchased and conveyed to him it inured to the benefit of Sibley and those claiming under him. The lot was taxable. The title had passed out of the United States. Menger was in possession of it. Whether he held the legal title or not, no one had such a title that he could successfully disturb him. He enjoyed the benefit of the life estate without molestation during the full term. No one else was under the slightest obligation to pay the taxes while he enjoyed the rents and profits, and clearly he could not obtain a valid tax title based on his own failure to pay taxes justly chargeable to him alone. Nor could he build up a title in opposition to the heirs of Ridley by adverse possession.

The judgment is affirmed.

All the Justices concurring.